

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-29-2008

# USA v. Hogue

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-1690

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. Hogue" (2008). *2008 Decisions*. Paper 472.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/472

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 07-1690

UNITED STATES OF AMERICA

v.

WAYNE HOGUE,
a/k/a IMAN WADIR,
a/k/a SHAHDEED BAY,

Wayne Hogue,
Appellant

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal Action No. 06-cr-00125)
District Judge: Honorable Timothy J. Savage

Submitted Under Third Circuit LAR 34.1(a)
September 25, 2008

Before: BARRY, AMBRO, and JORDAN, Circuit Judges

(filed: September 29, 2008 )

OPINION

AMBRO, Circuit Judge

Wayne Hogue appeals his conviction on 15 firearms trafficking charges. He alleges infirmities in the District Court's entrapment instruction. We disagree and thus affirm.[1]

**I.**

Because we write only for the parties who are familiar with the factual context and procedural history of the case, we note only those facts necessary to our analysis. Accordingly, we limit our discussion to the District Court's entrapment instruction, which was as follows:

> Wayne Hogue asserts that he was entrapped by the government to commit the crimes alleged in the indictment. If he was entrapped by the government, the defendant may not be convicted of the crimes. A person is entrapped when that person has no previous intent or disposition or willingness to commit the crimes charged and is induced or persuaded by law enforcement officers or by their agents who include informants to commit the offense. A person is not entrapped when that person has a previous intent or disposition or willingness to commit the crime charged and law enforcement officers or their agents merely provide what appears to be an opportunity to commit an offense. It is not entrapment for a government agent to pretend to be someone else and then to engage or attempt to engage, either personally or through an informant, in an unlawful transaction or in an unlawful act with a person who has a previous intent or disposition or willingness to engage in the unlawful transaction or in the unlawful act.

> In determining the question of entrapment, you should consider all of the evidence received in this case concerning the intentions and disposition of the defendant, Wayne Hogue, before he came into contact with the law enforcement officers or their agents and also the nature and the degree of inducement or persuasion provided by the law enforcement officers or their

---

[1]Jurisdiction is proper pursuant to 28 U.S.C. § 1291.

2

agents.

> The government must prove beyond a reasonable doubt that the defendant, Wayne Hogue, was not entrapped. Thus, in order to return a verdict of guilty for the crimes charged in the indictment, you must find beyond a reasonable doubt that the defendant, Wayne Hogue, was disposed to commit the crimes charged before being approached by government agents.

App. 35 Midway through their deliberations, the jury sought clarification on this matter; the District Court reread the instruction in its entirety.[2] The jury subsequently returned a verdict of guilty on 15 of the 17 counts charged in the indictment.

## II.

Hogue claims that the entrapment instruction failed to focus the jury adequately on "the period of time prior to the government agent's intervention in order to determine whether the defendant was so inclined to commit the crime before they approached" Hogue Br. at 7. We disagree. The jury was told to "consider . . . the intentions and disposition of the defendant . . . before he came into contact with the law enforcement officers or their agents;" that "[a] person is entrapped when that person has no previous

---

[2]Defense counsel objected to the initial instruction, saying that, "on reasonable doubt, the Court repeatedly stated that they have to prove each element of the crimes charged. Because of the entrapment defense, predisposition also has to be one of the things, almost like an element proven beyond a reasonable doubt." App. 41. Counsel did not object to the subsequent rereading. While Hogue admits that this acquiescence – especially when coupled with the lack of specificity in the initial objection – may limit our review to plain error, *see, e.g.*, *Cooper Dist. Co. v. Amana Refrigeration, Inc.*, 180 F.3d 542, 549 (3d Cir. 1999), we decline to address the issue because the instruction amounted to neither an abuse of discretion nor an instance of plain error. We also decline to consider the Government's argument that an entrapment instruction was not justified in the first instance and its related argument that the instruction was too generous to the defendant.

3

intent or disposition or willingness to commit the crimes charged;" and that "[a] person is not entrapped when that person has a previous intent or disposition or willingness to commit the crime charged." Even Hogue acknowledges that the jury was told to "focus on the time before the agent came into contact with [him]" when making the entrapment assessment. *Id*. at 8. In sum, we believe that the instruction directed the jury's attention to the appropriate time period.

In the alternative, Hogue argues that the instruction was flawed because "the court failed to adequately define . . . inducement." *Id*. at 9. Again we disagree. The District Court told the jurors that they could not convict if Hogue lacked "previous intent or disposition or willingness to commit the crimes charged and [was] induced or persuaded by law enforcement officers or by their agents who include informants to commit the offense." In other words, the District Court asked the jury to determine whether "the Government's deception actually implant[ed] the criminal design in the mind of the defendant," and told it to acquit if so. This is a proper statement of the law. *United States v. Russell*, 411 U.S. 423, 435-36 (1973); *accord United States v. Lakhani*, 480 F.3d 171, 178-79 (3d Cir. 2007). Accordingly, because the instruction was both clear and correct, it offers no basis for relief.

**III.**

For the reasons stated above, we affirm.

4